Per Curiam.

The general subject of this case was before us in the case of Brinley v. Whiting. It was clearly shown there, that although the sale of a pretended title may be a crime,[1] yet it does not operate as a forfeiture of the title to the estate ; nor as a bar to a recovery in an action by the grantor.
If a forfeiture were the penalty, it would not enure to the tenant, who is a stranger.
The tenant however contends that a nonsuit should be ordered, because the action was commenced without the knowledge, and carried on without the assent, of Cleverly. But the jury have found that Cleverly assented to the prosecution of the action. A judgment will give him possession of the land.
Whether Edgarton can avail himself of it, need not now be considered. Whether the sale is void, or operates as an estoppel, it is not necessary to decide. Doubtless, if Cleverly recovered and made a bona fide conveyance to a third person, it would hold against Edgarton. Cleverly must in many respects be considered as the real demandant. Judgment would be entered in his name ; he would have a right to discontinue, and the conveyance to Edgarton would be so far void as not to prevent his becoming nonsuit. No objection was made to the appearance of counsel for the demandant at an early stage of the action, and though Cleverly may have said out of court that he had no knowledge of its being commenced, and that he was willing to have it discontinued, this could not affect his right to proceed. The evidence in regard to his dissent is at least ambiguous, and it does not appear that he has done any act in court requiring a discontinuance.

Judgment for demandant.

 See Brinley v. Whiting, 5 Pick. (2nd ed.) 353, note 1.